NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-3456

———————

XIANG LIN,
                              Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                              Respondent

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A076-785-719
(U.S. Immigration Judge: Honorable Daniel Meisner)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 16, 2010
Before:  SCIRICA, RENDELL and FISHER, *Circuit Judges*.

(Filed: April 27, 2011)

———————

OPINION OF THE COURT

———————

SCIRICA, *Circuit Judge.*

     Xiang Lin, a citizen of the People's Republic of China, petitions for review of the

Board of Immigration Appeals' order denying his untimely motion to reopen. We will deny the petition for review.

I.

Lin entered the United States in 1998 without inspection and, in response to a notice to appear, applied for asylum, withholding of removal, and relief under the Convention Against Torture on the grounds of religious persecution.[1] An Immigration Judge (IJ) denied Lin's application based on an adverse credibility determination and ordered him removed. Lin appealed to the Board of Immigration Appeals (BIA), which affirmed the decision of the IJ. Lin did not file a petition for review of the order.

Lin ignored the order of removal, remained in the country, married, and had two children with his wife, who is also a Chinese national. He subsequently filed a motion to reopen and a request to file a successive asylum application in 2007, contending previously unavailable evidence of changed country conditions concerning birth planning policy in Fujian Province caused him to fear forced sterilization should he return.[2] In support of his petition, he submitted evidence pertaining to his own situation and to

---

[1]The facts of record are discussed in our prior decision, *Lin v. Attorney Gen.*, 306 Fed. App'x 746 (3d Cir. 2009).

[2] An alien seeking asylum qualifies as a refugee under the Immigration and Nationality Act (INA) if he or she is unable or unwilling to return to his or her country "because of persecution or a well-founded fear of persecution on account of . . . political opinion." 8 U.S.C. § 1101(a)(42)(A). Under the INA, forced sterilization constitutes persecution on account of political opinion. *Id.* § 1101(a)(42)(B).

family planning practices in China. Lin once again sought asylum, withholding of removal, and relief under the Convention Against Torture.

The BIA denied Lin's motion and application because they were filed more than ninety days following the final administrative decision, *see* 8 C.F.R. § 1003.2(c)(2), and because Lin failed to produce previously unavailable evidence demonstrating a change in country conditions sufficient to excuse his late filing, *see* 8 C.F.R. §§ 1003.2(c)(3)(ii), 1003.23(3). In this first denial, the BIA failed to discuss in detail the evidence Lin provided, and instead took administrative notice of the U.S. State Department's 2007 Profile of Chinese Asylum Claims and Country Conditions. Further, the BIA noted the change in Lin's circumstances–his marriage and the birth of his children–did not constitute changed country conditions. Lin timely filed a petition for review. We granted the petition, vacated the BIA's order, and remanded the case to the BIA because by neglecting to state it considered the evidence Lin presented, it failed to meet the standards we articulated in *Zheng v. Attorney Gen.*, 549 F.3d 260 (3d. Cir. 2008). *See Lin*, 306 Fed. App'x at 748.

On remand, Lin submitted additional evidence to establish changed country conditions, including local documents concerning family planning policies from Chang Le city and Fujian Province, as well as evidence that similarly situated returnees had been

subjected to forced sterilization.[3]  The BIA again denied Lin's motion to reopen and

request to file a successive asylum application holding Lin failed to establish changed

country conditions sufficient to excuse his belated filings.  Lin once again petitions for

review.[4]

## II.

"We review a final order of the BIA denying a motion to reopen for abuse of

discretion."  *Mahmood v. Gonzales*, 427 F.3d 248, 250 (3d Cir. 2005).  "We will not

disturb the BIA's decisions unless they are found to be arbitrary, irrational, or contrary to

law."  *Zheng*, 549 F.3d at 265 (quotation omitted).

"Motions for reopening of immigration proceedings are disfavored" and

discretionary.  *INS v. Doherty*, 502 U.S. 314, 323 (1992).  Accordingly, a petitioner

---

[3]Lin submitted: a 2006 affidavit of Jin Fu Chen detailing a purportedly forced sterilization; a 2007 affidavit of Jiang Zhen Chen detailing a purportedly forced sterilization; 2006 documents from the Chang Le City Family Planning Bureau concerning Chenzhou Lin and Yanyun Wu; 2006 Policy Statement from Administrative Office of National Population and Family Planning Committee to the Fujian Province; 2003 Changle City Family Planning Administrative Opinion regarding Zheng Yu He; 2003 Fujian Province Department of Family Planning Administration Administrative decision regarding Zheng Yu He; 2004 Chinese government website concerning travel documentation; 2007 letter to Randa Zagzoug if Immigration and Customs Enforcement and investigation report by Jackie W. Wong, Officer-in-Charge of U.S. Citizenship and Immigration Services in Guangzhou, China; 2007 Department of State opinion letter of Julietta Valls Noyes, Director of the office of Multilateral and Global Affiars; information on Chinese law of exit and entry; 2007 Lianjiang County Social Compensation Fee Schedule; 2007 Annual Report of the Congressional-Executive Commission on China; U.S. Department of State 2007 China Country Report on Human Rights Practices; 1999 Question and Answers issued by the Family Planning Office of Changle City.

[4]We have jurisdiction under 8 U.S.C. § 1252(a)(1).

4

carries a "heavy burden" to show the exercise of discretion is permissible under the applicable regulations, *see INS v. Abudu*, 485 U.S. 94, 110 (1988), and our review is "highly deferential" to the BIA, *Guo v. Aschcroft*, 386 F.3d 556, 562 (3d Cir. 2004).

A motion to reopen must normally be filed no later than ninety days following the final administrative proceeding the movant is attempting to reopen. 8 C.F.R. § 1003.2(c)(2). Notwithstanding the ninety-day time limit, a petitioner may move to reopen, but the petitioner must demonstrate changed country conditions in the country of nationality, 8 U.S.C. § 1229a(c)(7)(C)(ii), and the motion "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing,"[5] 8 C.F.R. § 1003.2(c)(1); *see also Shardar v. Attorney Gen.*, 503 F.3d 308, 313 (3d Cir. 2007). The BIA has "a duty to explicitly consider any country conditions evidence submitted by an

---

[5]Even if the movant is able to satisfy the procedural changed country condition requirements, he or she must also establish prima facie eligibility for relief. *Shardar v. Attorney Gen.*, 503 F.3d 308, 313 (3d Cir. 2007). Because the BIA rejected Lin's motion on his failure to demonstrate changed country conditions, it did not address whether Lin made out a prima facie case for asylum, withholding of removal, or relief under the Convention Against Torture, and we do not address the issue here.

Lin also contends he is entitled to file a successive application for asylum. Successive asylum applications filed outside of the ninety-day period may only be granted if the petitioner can show changed country conditions. *Liu v. Attorney Gen.*, 555 F.3d 145, 150 (3d Cir. 2009). Accordingly, our disposition of the country conditions issue controls both the motion to reopen and the successive application.

5

applicant that materially bears on his claim."[6] *Zheng*, 549 F.3d at 268 (quotation omitted).

When we initially remanded Lin's petition for BIA review, we stated "[t]he problem with the BIA's decision is that it does not indicate that the BIA considered any of the eleven background documents that Lin submitted with his application to reopen," and "its decision made no reference to [those] documents." *Lin*, 306 Fed. App'x at 748. Accordingly, we explained that if BIA considered the documents Lin submitted and "set forth in its decision that it had considered them it is quite likely that given the standard of review . . . we would have denied the petition in all respects." *Id.* at 748; *cf. Huang v. Attorney Gen.*, 620 F.3d 372 (3d Cir. 2010) (granting a petition for review where BIA failed to review the record or consider evidence favorable to petitioner in an asylum claim). In remanding the case, we "emphasiz[ed] we [did] not suggest that the BIA reached the wrong result as we only question[ed] its methodology," and we therefore instructed the BIA to "consider the evidence that Lin presented and . . . indicate that it has done so." *Lin*, 306 Fed. App'x at 748.

---

[6]Lin's contentions that "facts presented in motions to reopen should be 'accepted as true unless inherently unbelievable,'" Pet'r's Br. at 11 (quoting *Shardar*, 503 F.3d at 313), misstates our precedent. In *Shardar*, having previously discussed the petitioner's burden to demonstrate changed country conditions, we made this observation in explaining the standard for demonstration of prima facie eligibility for relief. *See Shardar*, 503 F.3d at 313.

Following our guidance, the BIA listed and considered the evidence of changed country conditions that Lin originally submitted as well as the evidence Lin submitted on remand. First, the BIA noted the reports about unrelated individuals who purportedly suffered sterilizations upon returning to China with children born abroad did not contain original signatures and were not properly authenticated.[7] Next, the BIA noted some of the documents were incomplete, and some, such as the administrative opinions and Chang Le City documents had been rejected in prior precedential decisions. The BIA then noted we have recognized State department reports may constitute substantial evidence.

Weighing the record as a whole, the BIA concluded the unauthenticated documents submitted by Lin to "establish that those similarly situated to him have suffered the persecutive means of enforcing the family planning policies exercised by local officials in China," which it had not previously addressed in a precedential decision, did not alter its conclusion that "the Chinese government does not have a national policy of requiring forced sterilization of a parent who returns with a second child born outside

---

[7]Although 8 C.F.R. § 1287.6, which requires authentication of certain official documents, "is not the exclusive means of authenticating records," *Liu v. Ashcroft*, 372 F.3d 529, 533 (3d Cir. 2004), it does not appear Lin made any other attempt to authenticate the submitted records. Nor does Lin contend he attempted, but was unable to obtain authenticated versions of the documents.

7

China."[8]  Accordingly , the BIA "explicitly consider[ed] [the] country conditions evidence submitted by [Lin] . . . ." *Zheng*, 549 F.3d at 268 (quotation omitted).

Our recent opinion in *Chen v. Attorney General*, No. 09-3459, - - - F.3d - - -, 2011 U.S. App. LEXIS 5358 (3d Cir. Mar. 18, 2011), is also instructive.  In *Chen*, we reviewed a final order of removal denying withholding of removal, asylum, and relief under the Convention Against Torture.  *See id.* at *2-6.  The petitioners, a married couple from the Fujian Province, sought relief because they had two U.S.-born children, and they claimed to fear forced sterilization or economic persecution should they return to China.  *Id.* at *2. In affirming the BIA's decision and rejecting the petitioners' claims, we considered a recent opinion of the BIA, *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209 (BIA 2010), addressing individuals from the Fujian Province who allegedly feared they would be forcibly sterilized if they returned with their U.S.-born children.  *See Chen*,  2011 U.S. App. LEXIS 5358, at *5.  We found *Matter of H-L-H- & Z-Y-Z-* "persuasive[]," *id.*, in its conclusion that "'physical coercion to achieve compliance with family planning goals is uncommon and unsanctioned by China's national laws and that the overall policy is much more heavily reliant on incentives and economic penalties.'" *Id.* at *7 (quoting *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. at 218.).  We took note of the BIA's conclusion that

---

[8]BIA expressed reservations about crediting Lin's evidence because of his prior adverse credibility finding, but ultimately rested its opinion on evaluation of the submitted evidence.  Thus we need not address whether consideration of the prior credibility finding was erroneous.

"'the respondent has not shown that her locality represents a current exception to the general rules in which the Chinese Government relies on a variety of measures short of persecution to enforce its population control policy.'" *Id.* We think the BIA's conclusion here, that the documents submitted by Lin, which had not previously been considered by the BIA in a precedential decision, were insufficient to establish deviation from Chinese national family planning policy within the Fujian Province, is similar.

In view of the record as a whole, *see Liu*, 555 F.3d at 148, including numerous State Department reports, and the deferential standard of review, *Guo*, 386 F.3d at 562, we cannot say that BIA's review of Lin's evidence of changed country conditions was deficient. Accordingly, Lin has not met his burden of demonstrating changed country conditions sufficient to support his motion to reopen or successive application for asylum.

III.

For the foregoing reasons, we will deny the petition for review.